

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHARLES E. SCOTT, § | | |
| Plaintiff, § | | |
| § | | |
| VS. § | Civil Action No. 4:22-CV-326-P(BJ) | |
| § | | |
| MORAY OF THE § | | |
| CITY FROWTHER, § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Charles E. Scott ("Plaintiff") has filed a civil case. ECF No. 1. Resolution of preliminary matters was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and Miscellaneous Order No. 6. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A.  NATURE OF THE CASE

This case is a new civil action.

B.  PARTIES

Charles. E. Scott is the Plaintiff. As best the Court can discern, Plaintiff lists as defendant "Moray of the City of Frowther." ECF No. 1.

C.  LEGAL ANALYSIS

*Pro se* plaintiff Scott filed this action on April 18, 2022. ECF No. 1. Because Scott's in-forma-paupers motion was wholly incomplete, the Court issued an Order and Notice of Deficiency on April 18, 2022, directing him to either pay the filing and administrative fees or file an amended

IFP application with complete answers to each question in the long-form in-forma-pauperis application by May 3, 2022. ECF No. 5. The Court warned Scott that his case could be subject to summary dismissal without further notice if he failed to timely comply. *Id.* Scott did not comply with that order. As a result, the Court then issued another order for Scott to either pay the $402.00 filing and administrative fees or fully complete and re-submit a long-form application to proceed in forma pauperis on or before **May 31, 2022.** That second deficiency order expressly informed Scott that "[f]ailure to timely comply with this Order will result in a recommendation that this case be dismissed without further notice pursuant to Federal Rule of Civil Procedure 41(b)." ECF No. 7. Plaintiff has not responded. Because Plaintiff has wholly failed to file the fully completed in-forma-pauperis application, he has failed to comply with this Court's order.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Because Plaintiff has failed to comply with this Court's deficiency orders, this case may be dismissed for failure to comply with a Court order and for lack of prosecution under Federal Rule of Civil Procedure 41(b).

## RECOMMENDATION

It is therefore **RECOMMENDED** that that all of Plaintiff's claims be **DISMISSED** for lack of prosecution, without prejudice to being refiled. *See* Fed. R. Civ. P. 41(b).

NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

It is further **ORDERED** that the above-styled and numbered action, previously referred to the undersigned for findings, conclusions, and recommendation, be and is hereby, **RETURNED** to the docket of the United States District Judge.

SIGNED June **9**, 2022.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

3